# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JASON MCGUIRE,

        Plaintiff,        CIVIL ACTION NO. 06-CV-15356-DT

vs.

                              DISTRICT JUDGE JOHN PAUL D. BORMAN

COUNTRYWIDE HOME        MAGISTRATE JUDGE MONA K. MAJZOUB
LOANS, INC., et al.,
        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that Plaintiff's Emergency Ex Parte Motion for Preliminary Injunction filed on April 10, 2007 (docket no. 7), and Plaintiff's Amended Emergency Ex Parte Motion for Preliminary Injunction filed on April 16, 2007 (docket no. 11) be **DENIED**.

**II.**     **REPORT:**

    *A.*     *Facts and Procedural History*

Plaintiff alleges that in 2004 he received a mortgage loan from Defendant Mortgage Electronic Registration Systems (MERS) and its successor Defendant Countrywide Home Loans. (Docket no. 10). He further alleges that Defendants failed to provide him with copies of certain documents including the documents that he signed at the mortgage closing on July 20, 2004. (*Id.*) In January 2006, Plaintiff states that Defendant Countrywide began foreclosure proceedings on the property located at 31441 Marilyn in Macomb County, Michigan based on a default in the conditions of the mortgage. (*Id.*) Plaintiff alleges that on June 2, 2006, Defendant Countrywide sold the property to Defendant MERS. (*Id.*) Plaintiff asserts various defects in the foreclosure proceedings and raises claims of breach of

fiduciary duty and unjust enrichment. (*Id.*) Plaintiff seeks damages and "Judgment for possession and ownership of the property." (*Id.* at 11).

In addition to these motions for injunctive relief, Plaintiff has filed a Motion for Default Judgment (docket no. 18) and two motions for a Temporary Restraining Order (docket nos. 20, 23). Judge Borman denied Plaintiff's first Motion for a Temporary Restraining Order on May 8, 2007. (Docket no. 21). Plaintiff's second such motion has not yet been ruled upon.

Plaintiff offers more information regarding the foreclosure and related proceedings in these Motions for Temporary Restraining Orders. He states that the 37th District Court of Warren, Michigan[1] held a hearing on May 3, 2007 to determine whether he should be evicted from the property. (Docket no. 23 at 2). Plaintiff further states that he was unable to attend the hearing "due to a mixup in the hearing date" and that "Defendant received a Judgment to evict Plaintiff from the subject property." (*Id.*) He states that "Defendant will receive a writ to evict Plaintiff on May 14, 2007 from the 37th District Court of Warren." (*Id.*)

In Plaintiff's Amended Emergency Ex Parte Motion for Preliminary Injunction he asks that this Court "enjoin the 39th District Court from issuing an order to remove Jason McGuire from my residence at the commonly known address of 31441 Marilyn." (Docket no. 11 at 2). He also asks that this Court restrain MERS and any representatives from any act to remove him or to take possession of the subject property until his claims in this action have been heard on the merits. (*Id.*) Plaintiff claims that he will suffer irreparable harm if he and his children are forced to move from their home. He also claims that he has no other remedy at law to protect himself from the Defendants' alleged violations of his due process rights.

---

[1] Plaintiff refers to the state court as the 37th District Court at times and the 39th District Court at other times.

Defendants have not responded to either Plaintiff's original Motion for Preliminary Injunction or his amended motion. This is likely because there is no certificate of service showing that any other party was served with a copy of either of these motions. (Docket nos. 7, 11). These motions are now ready for ruling under 28 U.S.C. § 636(b)(1)(B).

B.  *Governing Law*

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In deciding motions for a preliminary injunction, the Court considers whether: (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant would suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest would be served by issuance of the injunction. *Id.*

Rule 65(a)(1), Fed. R. Civ. P., provides that "[n]o preliminary injunction shall be issued without notice to the adverse party."

C.  *Analysis*

There is a procedural defect in Plaintiff's motions which prevents the relief requested. Plaintiff seeks a preliminary injunction without giving the other parties notice. This is not allowed under Fed. R. Civ. P. 65(a)(1) and is alone sufficient reason to deny the motion. *See Mitchell v. Michigan Dep't of Corrections*, 2006 WL 1139742 (W.D. Mich. Apr. 27, 2006) (denying pro se plaintiff's motion for ex parte preliminary injunction due to Rule 65(a)(1)). A temporary restraining order may be issued under certain circumstances without written or oral notice to the adverse party under Fed. R. Civ. P. 65(b). However, this Court should not construe these motions as such because Plaintiff has filed two separate motions for a temporary restraining order. (Docket nos. 20, 23). Judge Borman denied the first such motion

because of the pending state court action. (Docket no. 21). He found that the state court was the proper venue for Plaintiff's legal arguments and that the federal court must abstain. (*Id.*) Therefore, it would be improper for this Court to address the present motions as ones for a temporary restraining order.

Moreover, even if the procedural defect did not prevent the consideration of these motions, relief should still not be granted to Plaintiff. He clearly seeks an order from this Court that would alter or amend the state court's judgment of eviction which Plaintiff states was granted on May 3, 2007. (Docket no. 23 at 2). Under the *Rooker-Feldman* doctrine, only the United States Supreme Court has jurisdiction to review a state court decision. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This doctrine prevents a federal court from reviewing the validity of foreclosure and related proceedings which have resulted in a judgment in state court. *See Kotsopoulos v. Mortgage Electronic Registration Sys.*, 2007 WL 905094 at *9 (D.S.C. Mar. 22, 2007).

Because of the procedural defect and the *Rooker-Feldman* doctrine, the Court finds it unnecessary to discuss the traditional factors relevant to granting or denying motions for preliminary injunctions. Because the relief he seeks is precluded, Plaintiff has failed to carry his burden of showing that the circumstances clearly demand issuance of an injunction. *Overstreet*, 305 F.3d at 573. Both of Plaintiff's motions should be denied.

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932

F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 14, 2007          s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Jason McGuire on this date.

Date: May 14, 2007           s/ Lisa C. Bartlett
                             Courtroom Deputy