# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JASON MCGUIRE,

       **Plaintiff,**                **CIVIL ACTION NO. 06-CV-15356-DT**

vs.

                                     **DISTRICT JUDGE PAUL D. BORMAN**

**COUNTRYWIDE HOME**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**LOANS, INC., et al.,**

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** Defendants' Motion to Dismiss (docket no. 25) should be **GRANTED** as to Defendants Sambol, Sandfur, and Bow, but **DENIED** as to Defendants MERS and Countrywide.

**II.**     **REPORT**:

    *A.*     *Facts and Procedural History*

This matter comes before the Court on the Motion to Dismiss filed by all Defendants on May 16, 2007. (Docket no. 25). Plaintiff has filed a Response to Defendants' Motion. (Docket no. 32). The Motion has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 28). The Court dispenses with oral argument pursuant to E. D. Mich. LR 7.1(e). The Motion is now ready for ruling.

This action arises out of the foreclosure of Plaintiff's mortgage loan by Defendants. Plaintiff borrowed approximately $143,000 and granted a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) on the property known as 31441 Marilyn in Detroit, Michigan. (Docket no. 10 at 2). The loan was assigned to Countrywide Document Custody Services. (*Id.*). In January 2006, Defendant Countrywide commenced foreclosure proceedings against the property on the basis that Plaintiff had

defaulted on the loan. (*Id.* at 4). Plaintiff alleges that Countrywide sold his property on June 2, 2006 to Defendant MERS. (*Id.*) Plaintiff's first enumerated claim in his Complaint is that Defendant Countrywide breached its fiduciary duty to him by acting as both the Mortgagee and Beneficiary under the mortgage. (*Id.* at 7-8). Plaintiff's second enumerated claim is Unjust Enrichment. (*Id.* at 9). Plaintiff claims that both Defendants have been unjustly enriched because "neither Defendants [sic] have incurred any verifiable lost [sic] but have profited from Plaintiff by accepting a credit from Plaintiff and then removing Plaintiffs legal interest in the property with no return of any valuable consideration." (*Id.* at 10). Plaintiff seeks damages and possession of the property as relief.

Defendants move to dismiss this action under Fed. R. Civ. P. 12(b)(6). They allege that Plaintiff has failed to state a claim against the individual Defendants because Plaintiff does not allege any facts against them in his Complaint. (Docket no. 25, attached br. at 5). Defendants also argue that Plaintiff's claims against MERS and Countrywide must be dismissed based on the doctrines of res judicata and collateral estoppel. (*Id.* at 4-5).

Plaintiff responds by arguing that his claims against MERS and Countrywide should not be dismissed based on res judicata or collateral estoppel because he could not have raised the present claims in the earlier state court action he filed. He also argues that the parties are different in this later action. (Docket no. 32).

   B.  *Standard of Law*

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. *Id.* The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. *Id.*

C.  *Analysis*

1.  *Individual Defendants*

The individual Defendants should be dismissed. Plaintiff named as Defendants David Sambol, Jennifer S. Sandfur, and Susan E. Bow.[1] (Docket no. 10 at 1). However, Plaintiff has not alleged any facts showing that these Defendants played any part in the events on which he bases his action. Defendants pointed out this omission in their motion. Plaintiff did not address these Defendants in his response brief. Therefore, Plaintiff has failed to state a claim upon which relief may be granted as to these Defendants. Fed. R. Civ. P. 12(b)(6); *see Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (where complaint alleges no specific act or conduct by party and complaint is silent as to party except for name in caption, dismissal is proper even for *pro se* plaintiffs); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991) (dismissing defendants because complaint filed *pro se* named them in caption but filed to allege specific conduct by them in allegedly wrongful actions).

2.  *Defendants MERS and Countrywide*

Plaintiff's Complaint contains numerous allegations against Defendants MERS and Countrywide. Defendants argue that res judicata and collateral estoppel bar Plaintiff's claims. They set out the law for these two doctrines. However, the total of Defendants' application of this law to the facts alleged by Plaintiff is three sentences. (Docket no. 25, attached br. at 5). The Court finds this briefing to be woefully inadequate to show that they are entitled to the dismissals they seek.

The first deficiency in Defendants' briefing is that no analysis is made of the Court's ability to consider the attachments to Defendants' brief. These attachments are not inconsequential documents. They include Plaintiff's Amended Summons and Complaint from his earlier state court action. (*Id.* ex.

---

[1] In the introductory paragraph of Plaintiff's Complaint he names "Susan Kelsey." This is apparently a mistaken reference to Susan Bow whom Plaintiff earlier named as a Defendant.

D). In addition, the Order of the state court dismissing the earlier action is exhibit E. One element of res judicata is that the matter contested in the second action was or could have been resolved in the first action. *Dart v. Dart*, 597 N.W.2d 82, 88 (Mich. 1999). These documents are integral to Defendants' claim that the earlier state court action bars Plaintiff from bringing this action. Because Plaintiff failed to mention the earlier state court action in his Complaint, the Court must not only rely upon these documents but also rely upon the factual statements in those documents. By way of example, Plaintiff's state court Complaint submitted by Defendants is not dated. The date is important because Plaintiff claims that he could not have then raised the claims he now raises because the actions he now complains of had not occurred at the time he filed his state court Complaint. The state court Order recites the date that Plaintiff's Complaint was filed. This Court would therefore need to rely on that factual statement in the state court Order.

Courts have held that under such circumstances a motion to dismiss is properly converted to a motion for summary judgment. *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 419, 426 (3rd Cir. 1999) (court may, on motion to dismiss, take judicial notice of another court's opinion, not for truth of facts but for existence of opinion; summary judgment safeguards otherwise necessary). Yet, there is no discussion by Defendants of the Court's ability to take such an action, the need for such an action in this case, or what notice the Court must give to Plaintiff before such action is taken.

Defendants have also failed to discuss the difference in the parties Plaintiff sued in the first action. Defendant MERS is not named in that earlier action. Another element of res judicata is that both actions involve the same parties or their privies. *Dart*, 597 N.W.2d at 88. Defendants have not discussed whether Defendant MERS is in privity with Defendant Countrywide or the law firm Trott & Trott which were the named Defendants in Plaintiff's earlier action.

The doctrine of collateral estoppel applies when a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment; the same parties had a full and fair opportunity to litigate the issue; and there was mutuality of estoppel. *Storey v. Meijer, Inc.*, 429 N.W.2d 169, 172 n.3 (Mich. 1988). Defendants have not identified any factual questions to which this doctrine should apply in this action. They also have not discussed whether mutuality of estoppel is required in this action and, if so, on what basis it exists.

In short, Defendants have failed to show that they are entitled to dismissal of this action. *See Action Auto Stores, Inc. v. United Capitol Ins. Co.*, 845 F. Supp. 417, 427 (W.D. Mich. 1993) (denying motion for summary judgment due to insufficient briefing). Moreover, in order to properly resolve the issues in this action, the motion to dismiss would likely have to be converted to a motion for summary judgment. This requires that proper notice be given to Plaintiff and that he be given the opportunity to present responsive documents to the Court. Fed. R. Civ. P. 12(b); 56. The Court finds that given the inadequate briefing by Defendants, the proper action is to deny the motion to dismiss of Defendants MERS and Countrywide without prejudice to the filing of a properly supported motion for summary judgment. Plaintiff will then have the opportunity to present material in response to that motion.

### III.    **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401

(6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: August 01, 2007                s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Jason McGuire and Counsel of Record on this date.

Dated: August 01, 2007                s/ Lisa C. Bartlett
                                      Courtroom Deputy