**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JASON MCGUIRE,

                    Plaintiff,

-vs-

COUNTRYWIDE HOME LOANS,
INC., et al.,

                    Defendants.

_____/

CASE NO. 06-CV-15356

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## <u>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION</u>

Before the Court is Plaintiff's December 14, 2007 Motion for Reconsideration of this

Court's November 30, 2007 Order. (Doc. No. 37). Plaintiff contends that there is no evidence

that the Defendants in this case were not properly served.

Eastern District of Michigan Local Rule 7.1(g) provides the standards for a motion for

reconsideration, and states:

> [T]he court will not grant motions for rehearing or reconsideration that merely
> present the same issues ruled upon by the court, either expressly or by reasonable
> implication. The movant must not only demonstrate a palpable defect by which the
> court and the parties have been misled but also show that correcting the defect will
> result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg.*

*Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997). "A trial court

may grant reconsideration under Fed. R. Civ. P. 59(e) for any of four reasons: (1) because of an

intervening change in the controlling law; (2) because evidence not previously available has

become available; (3) to correct a clear error of law; or (4) to prevent manifest injustice." *Hayes*

*v. Norfolk Southern Corp.*, 25 Fed. Appx. 308, 315 (6th Cir. Dec. 18, 2001) (unpublished). "A motion for reconsideration which merely presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Czajkowski v. Tindall & Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich.1997).

Having considered Plaintiff's motion, the Court is not convinced that Plaintiff has shown any "palpable defect by which the court and the parties have been misled" nor has he shown that his proposed correction of such defect "will result in a different disposition of the case."

Therefore, the Court **DENIES** Plaintiff's motion.

**SO ORDERED.**


                    s/Paul D. Borman
                    PAUL D. BORMAN
                    UNITED STATES DISTRICT JUDGE

Dated: January 3, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 3, 2008.


                    s/Denise Goodine
                    Case Manager